IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYMOND E. THORNTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 11-860-GMS |
| | ) |
| CPL. CHANDLER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Raymond E. Thornton ("Thornton"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 3, 6.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## I. BACKGROUND

On an unknown date, Thornton, who appears to have been a pretrial detainee at the time, had a physical altercation with his cellmate.[2] A code was called for an alleged assault. Thornton was removed from his housing unit and escorted to the medical department by the defendant Lt. R. Morgan ("Morgan") and the code responders. Morgan then escorted Thornton to the behavior modification area in the pretrial building and warned Thornton not to bother the defendants Cpl. Chandler ("Chandler") or C/O Lawson ("Lawson") because they were "riled up."

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2]Given the fact that Thornton does not provide the date of the incident at issue, it may be that the claims raised are time-barred. However, this cannot be determined from the face of the complaint.

Thornton was placed in a cell by the code responders and Morgan under the supervision of Lawson and Chandler. While celled in the behavior modification area, Thornton began whistling and was told by Chandler to stop, but Thornton continued to whistle. Chandler asked Lawson to open the cell whereupon Chandler jumped on Thornton's back, pepper sprayed him, and tried to choke him. Chandler also grabbed and twisted Thornton's little finger, telling him that he would break his arm. Lawson stood at the cell door, watched the occurrence, and did nothing to stop Chandler. After some time, the defendant Lt. Flores ("Flores") came by and Thornton discussed the incident with him.

Thornton was then transferred to the administrative segregation disciplinary area. While there, the defendant nurse Tracy ("Tracy") provided him medical treatment for his finger and put him on the list for an x-ray. A few weeks later, Thornton was transferred to the Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware where he was provided follow-up medical care.

Thornton seeks punitive damages and injunctive relief.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008);

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Thornton proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Thornton leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of

the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Thornton has a "plausible claim for relief."[3] *Id.* at 211. In other words, the complaint must do more than allege Thornton's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Personal Involvement/Respondeat Superior

Other than Chandler and Lawson, there are no allegations that the remaining defendants violated Thornton's constitutional rights. For example, Morgan merely escorted Thornton to different housing locations, while Flores discussed the incident at issue with Thornton, and Tracy provided Thornton medical treatment.

As to the remaining defendants, they are not mentioned in the complaint other than to name them as defendants. As is well known, a defendant in a civil rights action must have personal

---

[3] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

4

involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). With regard to any supervisory defendants, the Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and, that in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010) (not published) (citing *Iqbal*, 129 S.Ct. at 1948-49*)*; *Rode v. Dellarciprete*, 845 F.2d at 1207).

The lack or paucity of allegations directed towards Michael Deloy ("Deloy"), Morgan, Flores, Unknown Receiving Room Correctional Officers, Unknown Medical Staff/Nurses, Unknown Code Responders, Jill Hare ("Hare"), Truman Mears ("Mears"), G.R. Johnson ("Johnson"), and Tracy fail to meet the pleading requirements of *Iqbal* and Twombly. Thornton provides no specific facts how any defendant, other than Chandler and Lawson, allegedly violated his constitutional rights, that the remaining defendants expressly directed the deprivation of his constitutional rights, or that they created policies wherein subordinates had no discretion in applying them in a fashion other than the one which actually produced the alleged deprivation.

For the above reasons, the court will dismiss as frivolous the claims against Deloy, Morgan, Flores, Unknown Receiving Room Correctional Officers, Unknown Medical Staff/Nurses, Unknown Code Responders, Hare, Mears, G.R. Johnson, and Tracy pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## B. Request for Counsel

Thornton requests counsel on the grounds that he is unable to afford counsel, the action requires extensive on many complex points, he has limited access to he law library, is on bi-polar and has not been on medication for several months, and he made unsuccessful attempts to obtain legal representation.

A *pro se* litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d

492, 499 (3d Cir. 2002).

To date, Thornton has ably represent himself. In addition, this case is in its early stages and service has not yet taken place. Notably, should the need for counsel arise later, one can be appointed at that time. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time. Accordingly, Thornton's request for counsel will be denied without prejudice to renew.

## IV. CONCLUSION

For the above reasons, the court will deny Thornton's request for counsel. (D.I. 10.) In addition, the claims against Michael Deloy, Lt. R. Morgan, Lt. Flores, Unknown Receiving Room Correctional Officers, Unknown Medical Staff/Nurses, Unknown Code Responders, Jill Hare, Truman Mears, G.R. Johnson will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Thornton may proceed with his excessive force and failure to protect/intervene claims against Cpl. Chandler and C/O Lawson.[4]

An appropriate order will be entered.

_____, 2012
Wilmington, Delaware

_____
CHIEF, UNITED STATES DISTRICT JUDGE

---

[4]Excessive force claims for pretrial detainees are analyzed under the Fourteenth Amendment. *See Sylvester v. City of Newark*, 120 F. App'x 419, 423 (3d Cir. 2005) (not published).