IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYMOND E. THORNTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 11-860-GMS |
| | ) |
| CPL. CHANDLER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I. INTRODUCTION**

The plaintiff, Raymond E. Thornton ("Thornton"), who proceeds *pro se* and has been granted leave to proceed without prepayment of fees, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Thornton is currently confined at the James T. Vaughn Correctional Center, Smyrna, Delaware. The constitutional violations of which he complains, allegedly occurred while he was housed at the Sussex Correctional Institution ("SCI"), Georgetown, Delaware. Before the court are several pending motions including Thornton's motions to amend and for default judgment and the defendants' motion to dismiss and motion to stay discovery. (D.I. 20, 23, 29, 33, 40.) For the reasons that follow, the court will deny all pending motions.

**II. BACKGROUND**

Thornton raises excessive force and failure to protect/intervene claims against the defendants Cpl. Chandler ("Chandler") and C/O Lawson ("Lawson") in his complaint (D.I. 3) and amended complaint (D.I. 6.) The court dismissed all other claims and defendants upon initial screening on January 12, 2012. (*See* D.I. 13, 14.)

## III. MOTIONS TO AMEND

Thornton has filed two motions to amend the complaint, one on April 18, 2012 and the other on May 31, 2012. (D.I. 20, 29.) Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b), whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that court should freely give leave to amend when justice so requires.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

2

The motion to amend found at Docket Item 20 is identical to the amended complaint filed by Thornton on October 3, 2011 and found at Docket Item 6. The court considered Docket Item 6 when it conducted its initial screening. Therefore, the court will deny as moot the motion to amend (D.I. 20).

Plaintiff's second motion for leave to amend, filed on May 31, 2012, seeks to reinstate Lt. R. Morgan ("Morgan") as a defendant and add a claim of failing to protect Thornton after placing Thornton in a "knowingly precarious situation." (D.I. 29.) Morgan is the supervisor of Chandler and Lawson. By way of explanation, the original complaint alleges that Morgan had escorted Thornton to the behavior modification area in the pretrial building and warned Thornton not to bother Chandler or Lawson because they were "riled up." The court dismissed all claims against Morgan in its initial screening of the case.

To prevail on an Eighth Amendment failure to protect claim, a plaintiff is required to show that (1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety (the subjective element). *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994); *see also Griffin v. DeRosa*, 153 F. App'x 851 (3d Cir. 2005) (unpublished).

Having reviewed the original complaint and the instant motion to amend, the court finds any attempt at amending the complaint would be futile. Thornton provides no additional facts to support a failure to protect claim against Morgan. Therefore, the court will deny the motion to amend. (D.I. 29.)

3

## IV. MOTION FOR DEFAULT JUDGMENT

Thornton requests entry of default judgment against the defendants on the basis they have yet to plead and/or defend themselves as to the accusations in the complaint. (D.I. 33.) Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the Clerk of the Court "enter. . .the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Timely serving and filing a motion to dismiss under Fed. R. Civ. P. 12(b), precludes entry of default. *See Francis v. Joint Force Headquarters Nat'l Guard*, 2006 WL 2711459, (D.N.J. Sept. 19, 2006), *aff'd in part*, 247 F. App'x 387 (3d Cir. 2007) (unpublished). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Here, there has been no entry of default. Moreover, the defendants have appeared and filed motions to dismiss the complaint. Therefore, the court will deny the motion for default judgment. (D.I. 33.)

## V. MOTION TO DISMISS

### A. Standard of Review

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to Thornton. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is

4

entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, although, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Because Thornton proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

In addition to the complaint, the court may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citation omitted). Further, the court may also consider indisputably authentic documents.[1] *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).

---

[1] The defendants submitted matters outside the pleadings in support of their motion to dismiss. The Federal Rules of Civil Procedure provide that when a motion to dismiss is filed pursuant to Rule 12(b)(6) and matters outside the pleadings are presented to and not excluded by the Court, the matter shall be treated as one for summary judgment and disposed of as provided in Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(d). The court will not consider the Kendall Hickman affidavit the defendants submitted with their reply brief. (*See* D.I. 28.) It will treat the motion as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

### B. Discussion

The defendants move for dismissal on the grounds that Thornton has failed to state a claim upon which relief may be granted and that he failed to exhaust his administrative remedies as is required by the Prison Litigation Reform Act ("PLRA"). (D. I. 23, 24.)

#### 1. Failure to State a Claim

The court previously reviewed the allegations in the complaint and found that Thornton stated cognizable and non-frivolous claims. Nothing has changed since the court's ruling. Thornton adequately alleges excessive force and failure to protect claims. Therefore, the court will deny the motion to dismiss on the grounds that it fails to state a claim upon which relief may be granted.

#### 2. Administrative Remedies

The defendants contend that Thornton failed to exhaust his administrative remedies because he did not submit a grievance following the incident with the defendants and he chose not to appeal his guilty plea and finding of guilt following disciplinary hearing concerning the same incident. (*See* D.I. 25, ex. A.) Thornton responds that following the incident, and while housed in the administrative segregated disciplinary area, he made several requests for grievances, but the SCI guards would not provide him with grievance forms. (D.I. 27.)

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other wrong."). The defendants have the burden of pleading and proving failure to exhaust administrative remedies as an affirmative defense in a § 1983 action. *Ray v. Kertes*, 285 F.3d 287, 295-96 (3d Cir. 2002).

Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Exhaustion means proper exhaustion, that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

"'[P]rison grievance procedures supply the yardstick' for determining what steps are required for exhaustion." *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007) (quoting *Spruill v. Gillis*, 372 F.3d 218, 231 (3d Cir. 2004)). A prisoner must complete the administrative review process in accordance with the applicable procedural rules in order to satisfy the exhaustion requirement of the PLRA. *Nickens v. Department of Corr.*, 277 F. App'x 148, 152 (3d Cir. 2008) (unpublished) (citing *Williams*, 482 F.3d at 639; *Spruill*, 372 F.3d at 228, 231). Perfect overlap between the grievance and a amended complaint is not required by the PLRA as long as there is a shared factual basis between the two. *Jackson v. Ivans*, 244 F. App'x 508, 513 (3d Cir. 2007) (unpublished) (citing *Woodford*, 548 U.S. at 95 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance."). A futility exception to the PLRA's mandatory exhaustion requirement is completely precluded. *Banks v. Roberts*, 251 F. App'x 774, 776 (3d Cir. 2007) (unpublished)

7

(citing *Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000). The exhaustion requirement is absolute, absent circumstances where no administrative remedy is available. *See Spruill*, 372 F.3d at 227-28; *Nyhuis*, 204 F.3d at 67. A grievance procedure is not available, even if one exists on paper, if the defendant prison officials somehow prevent a prisoner from using it. *Mitchell v. Horn*, 318 F.3d 523 (3d Cir. 2003). If prison authorities thwart the inmate's efforts to pursue the grievance, administrative remedies may be presumed exhausted, as no further remedies are "available" to him. *Brown v. Croak*, 312 F.3d 109, 112-13 (3d Cir. 2002).

On review of a motion to dismiss, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. The court cannot conclude that the defendants' motion to dismiss should be granted on the basis that Thornton failed to exhaust his administrative remedies because Thornton claims such affirmative misconduct by prison officials that rendered his administrative remedies "unavailable" - i.e. that he repeatedly sought grievance forms from prison officials while housed in the administrative segregated disciplinary area, but the SCI guards would not provide him with the required forms.[2] *See Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000) (finding that administrative remedies were unavailable where prison officials refused to file plaintiff's grievances regarding their coworkers). Therefore, the court will deny the defendants' motion to dismiss.

---

[2] Discovery may reveal that this allegation is untrue. The defendants are not barred by reasserting this defense in a later filed motion for summary judgment.

## VI. MOTION TO STAY DISCOVERY

The defendants seek a stay of discovery pending resolution of their motion to dismiss. (D.I. 40.) As discussed above, the motion to dismiss will be denied and therefore, the court will also deny the motion to stay discovery. (D.I. 40.)

## VII. CONCLUSION

For the above reasons, the court will deny all pending motions. The court will also enter a scheduling order.

An appropriate order will be issued.

_Jan 15_, 2013
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE